(No. 4314- )

Roy Jones, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 9, 1951.*

Arnold and Arnold, Attorneys for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Delaney, J.

On January 3, 1950, the claimant, Roy Jones, was an employee of the respondent in the Department of Public Works and Buildings, Division of Highways. On that day he was one of a group of men assigned to move equipment from the Village of Brooklyn, Schuyler County, to a Day Labor garage at Camp Ellis, Ipava, Illinois. At approximately 9:30 A.M. Mr. Jones, at a storage lot in Brooklyn, was driving a Caterpillar tractor up a ramp onto a low-boy trailer for transporting to Ipava.

Immediately before loading operations, rain had fallen. The tractor treads and the ramp were muddy. As the tractor moved up the ramp, the tractor slipped off and tipped sideways, throwing Mr. Jones to the ground. He fell on his extended right arm, fracturing it at the wrist. Immediately after the accident, Mr. Jones notified the Division, and went to Dr. Joseph Zingher of Rushville, who reduced the fracture, and treated the injury to its conclusion.

On January 3, 1950, Dr. Zingher submitted the following report to the Division of Highways:

"Nature of Injury—Multiple fractures of distal end of right radius. Treatment—Drugs for pain, arm and forearm cast—X-Rays taken. Estimate of disability—Eight weeks total. Estimated date of ability to return to work— Eight weeks. What permanent disability do you expect?—Painful wrist is possible."

On March 13, 1950, Dr. Zingher submitted another report to the Division of Highways in which he returned claimant, Roy Jones, to light work:

"The X-Ray reveals that the ulnar styloid has not yet united and may never do so. This is not too great a functional loss, however."

"Nature of Injury—Multiple fractures of distal end of right ulnar styloid process. Treatment—Drugs for pain, arm and forearm cast. X-Rays taken. Date patient able to work 3/13/50, patient to light work. Permanent disability—Possible painful right wrist with some limitation of motion."

The record consists of the complaint, departmental report, stipulation waiving briefs of both parties, transcript of evidence and X-Ray exhibits Nos. 1 and 2.

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the injury and claim for compensation were made within the time provided by the Act.

On the date of injury, claimant was employed as a truck driver at a wage of $1.75 an hour, and in the twelve preceding months had earned a total of $1,353.97. Other employees of the Division working in a capacity similar to Mr. Jones ordinarily worked less than 200 days a year. Therefore, claimant's claim will be computed under Section (10) of the Workmen's Compensation Act. For compensation purposes, claimant must receive the maximum compensation rate of $15.00 per week. Claimant was married, but had no children under eighteen years of age dependent upon him for support at the time of the accident. He was paid compensation for temporary

total disability at the compensation rate of $22.50 a week from January 4 to March 12, 1950, in the amount of $218.57. Compensation was terminated March 12, 1950, since Dr. Zingher in his letter and report of March 11, 1950 said Mr. Jones was able to return to work on March 13, 1950.

The Division has paid Dr. Zingher $146.50 for his treatment of Mr. Jones, which included charges for X-Rays and cast material.

In a great many cases the ulnar styloid does not unite in the type of injury we have under consideration. From the record, and the examination of the Commissioner of this Court, we are of the opinion that claimant has suffered a 25 per cent permanent partial loss of use of his right arm, and is entitled to an award for a period of 56¼ weeks at the compensation rate of $22.50 per week, or a total of $1,265.63.

An award is, therefore, entered in favor of claimant, Roy Jones, in the amount of $1,265.63 to be paid to him as follows:

$1,070.36 which has accrued, is payable forthwith;
$ 195.27 is payable in weekly installments of $22.50 per week, beginning on the 16th day of February, 1951 for a period of 8 weeks, with an additional final payment of $15.27.

The taking and transcribing of the testimony before Commissioner Summers was performed by Mary Lou Paisley, who has submitted a bill for her services in the amount of $22.00. The Court finds these charges usual, fair and customary, and an award is, therefore, made in favor of Mary Lou Paisley in the amount of $22.00, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."